**Dated: July 19, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| RAPHAEL GLAPION, ) | Case No. 18-14920-SAH |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**ORDER (i) SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION AND BRIEF IN SUPPORT THEREOF AND NOTICE OF HEARING AND OPPORTUNITY FOR HEARING [DOC. 42], AND (ii) GRANTING TRUSTEE'S MOTION TO TURNOVER PROPERTY OF THE ESTATE AND BRIEF IN SUPPORT THEREOF AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 30]**

On May 8, 2019, this Court conducted a hearing on the following:

1. Trustee's Motion to Turnover Property of the Estate and Brief in Support Thereof and Notice of Opportunity for Hearing [Doc. 30], filed by trustee John Mashburn ("Trustee") on March 1, 2019 (the "Turnover Motion");

2. Debtor's Response to Trustee's Motion to Turnover Property of the Estate and Brief in Support Thereof and Notice of Opportunity for Hearing [Doc. 39], filed by debtor Raphael Glapion ("Debtor") on March 21, 2019;

3. Trustee's Objection to Debtor's Claimed Exemption and Brief in Support Thereof and Notice of Hearing and Opportunity For Hearing [Doc. 42], filed by Trustee on March 25, 2019 (the "Exemption Objection"); and

4. Debtor's Response to Trustee's Objection to Debtor's Claimed Exemption and Brief in Support Thereof and Notice of Opportunity for Hearing [Doc. 47], filed by Debtor on March 28, 2019.

The hearing centered on $48,362.46 in contingency fee proceeds (the "Contingency Fee") located in the IOLTA account belonging to Debtor's professional legal corporation relating to a case settled in September 2018.[1] Having been paid prior to the November 28, 2018, petition date (the "Petition Date"), the Contingency Fee was property of the bankruptcy estate unless, as claimed by Debtor, it was exempt, in whole or in part, pursuant to Okla. Stat. tit. 31, § 1.A.18[2] as wages or earnings for personal or professional services earned during the last 90 days preceding the Petition Date (the "Exemption Period").[3]

On May 8, 2019, the Court orally ruled that contingency fees are generally earned over the life of the underling contingency fee contract as the services are rendered rather than when they are received. See, e.g., In re Carlson, 211 B.R. 275, 279 (Bankr. N.D. Ill. 1997) (post - petition payments received by a debtor under a pre-petition contingency fee contract became property of the bankruptcy estate to the extent of the value of the pre-petition services rendered by the debtor).[4] The Court then continued the hearing to July 17, 2019, to enable

---

[1] Specifically, the case settled was styled "Sylvia M. Callahan and Daniel J. Callahan, Jr., Plaintiffs, v. United Airlines, Inc., et al., Defendants," Case No. CIV-2016-680-M, in the Western District of Oklahoma (the "Civil Action").

[2] Section 1.A.18 exempts "[s]eventy-five percent (75%) of all current wages or earnings for personal or professional services earned during the last ninety (90) days, except as provided in Title 12 of the Oklahoma Statutes in garnishment proceedings for collection of child support."

[3] The Exemption Period ran from August 30, 2018, to November 28, 2018.

[4] Although there is no Oklahoma case law directly on point, Oklahoma courts clearly recognize that, while an attorney's right to recover on a contingency fee contract does not arise until recovery in the underlying case, an attorney will be entitled to recover the reasonable value

Debtor to present evidence establishing the proportion of the Contingency Fee exempt as having been earned during the Exemption Period, and further directed Debtor to provide any such evidence to Trustee by May 23, 2019.[5]  See Virtual Minute of May 8, 2019 [Doc. 58].

At the continued hearing, Trustee presented his Trustee Exhibits 1 - 26, all of which were admitted without objection and which consist, in large part, of the docket and pertinent pleadings from the Civil Action.  Debtor presented no exhibits and relied almost entirely on the testimony of Debtor.[6]  Frankly, the Court found Debtor's testimony to be less than credible.  Even after several admonishments by the Court, Debtor refused to specifically answer Trustee's questions without first gratuitously offering "context," yet had no trouble directly and succinctly

---

of his services if an event, such as discharge or death, occurs after work has begun but prior to recovery consistent with the attorney fees being earned over the life of such contract.  See First Nat'l Bank & Trust Co. of Tulsa v. Bassett, 83 P.2d 837 (Okla. 1938) (when an attorney is discharged before a contingency fee case results in a money judgment or settlement, the attorney is entitled to the reasonable value of his services); City of Barnsdall v. Curnutt, 174 P.2d 596 (Okla. 1945) (estate of a deceased attorney is entitled to receive the reasonable value of the services rendered by the attorney under a contingency fee contract for legal work performed by the attorney even though he died prior to settlement of the case by replacement counsel).

[5]The Court notes that the only evidence apparently produced by Debtor was a copy of the Plaintiff's First Requests for Discovery served by Debtor on counsel for defendants in the Civil Action on September 26, 2018 (the "Written Discovery Requests").  (Trustee Ex. 26)  However, notwithstanding the Court's direction, Debtor did not provide a copy of the Written Discovery Requests to Trustee until July 16, 2019, the day prior to the continued hearing.

[6]Debtor's counsel made an offer of proof at the commencement of the hearing stating that Debtor worked 12 hours during the first 16 months of the contingency fee contract period and 32 hours at the end of the case during the Exemption Period.  However, Debtor's own testimony on cross-examination belied this offer of proof and underscores why the Court finds Debtor's testimony to be lacking in credibility.  Additionally, although the Court understands that it is not unusual for there to be no formal written time records in a contingency fee case, the complete absence of ***any documentation*** to support his seemingly random estimates of time spent on the Civil Action (such as calendar entries, notes of telephone conferences, email correspondence, etc.) also undermines the credibility of Debtor's time estimates.

responding to questions asked by his counsel. Additionally, Debtor's estimations of the time he spent working on various matters directly conflicted with representations he made to the federal district court in documents filed in the Civil Action.[7]

Per Debtor's testimony, he spent 2 ½ days (which the Court estimates to be 20 hours) drafting the Written Discovery Requests during the Exemption Period. Relative to Debtor's time estimation for performance of other tasks – especially those done prior to the Exemption Period – 2 ½ days for drafting the Written Discovery Requests is not only dubious at best, but also excessive. First, the substance of the Written Discovery Requests – which was only 4 ½ double-spaced pages – was not overly complex or technical given the fact that Debtor had been plaintiffs' only counsel in the Civil Action for more than 2 ½ years. During that time, Debtor drafted a complaint, responded to two successive motions to dismiss, prepared an amended complaint, responded to written discovery issued to his clients, and defended their depositions. Second, Debtor testified, rather incredibly, that drafting and filing the complaint and amended complaint, the first he had ever prepared in an airline injury case, took a mere 45 minutes in total for both. Similarly, according to Debtor, he required only three hours in the aggregate to draft and file responses to the motion to dismiss and the amended motion to dismiss, notwithstanding

---

[7]For instance, Debtor testified he spent a total of 10 minutes discussing settlement with opposing counsel. However, in seeking an extension of time to serve the complaint in the Civil Action, Debtor represented that "Plaintiffs and Defendant United Airlines have since been engaged in settlement discussions [after the Civil Action was filed], and continue to work towards resolution of the case." (Trustee Ex. 8) In seeking another extension of time to serve the complaint three months later, Debtor again represented that "To date, the parties continue with settlement discussions and mutually believe settlement is likely." (Trustee Ex. 9) Three months later, Debtor represented "The parties remain interested in [resolving this matter outside of litigation]. To that end, Plaintiffs have delivered all settlement materials to defendant United Airlines' insurance carrier." (Trustee Ex. 10) Notwithstanding these representations, per Debtor, such settlement discussions only took a total of 10 minutes.

the necessity of becoming familiar with the Montreal Convention and the United States Supreme Court's interpretation thereof.[8]  For these reasons, and given the relative simplicity of the Written Discovery Requests, the Court rejects Debtor's testimony that it took 2 ½ days to prepare the same as unbelievable, and reduces the unreasonable time spent to 10 hours (an amount which still seems generous given their simplicity).

As Debtor estimated time spent working on the Civil Action during direct examination, he conveniently omitted several large chunks of time expended on critical tasks performed during the 16 months prior to the Exemption Period that should have been easily recalled and included. This put Trustee in the position of having to tediously "complete the picture" during cross examination.  Below is a comparison of Debtor's original estimation of time spent prior to the Exemption Period versus a calculation of time spent during those 16 months after additions were elucidated during cross examination.[9]

| **Debtor Time Calculations** | **Action** | **Trustee Time Calculations** |
|---|---|---|
|  | Prefiling meeting with clients | 30 minutes |
|  | Reviewed medical records | 2 ½ hours |
| 30 minutes | 6/7/2016 - Prepare and file the complaint | 30 minutes |

---

[8]See Trustee Ex. 15 (11 pages) and Trustee Ex. 18 (14 pages), both of which appear to be well drafted and organized.  Having been a practicing attorney, as well as having reviewed many fee applications since being on the bench, this judge simply cannot fathom how these two documents could be prepared, proofed, and filed in only three hours given the legal analysis contained therein.

[9]In the calculations below, the Court does not adjust the time estimates given by Debtor during direct examination that were not challenged by Trustee on cross examination.  But in two instances, time estimates have been increased where Debtor's testimony on cross examination was inconsistently higher than on direct examination.

| | | |
|---|---|---|
| 5 minutes | 6/28/2016 - Entry of appearance | 5 minutes |
| 30 minutes | 9/13/2016 - Prepare and file motion for extension of time to obtain service | 30 minutes |
| | 9/14/2016 - Review email only of order granting motion for extension of time | 1 minute |
| | Talk to opposing counsel regarding filing joint motion for extension of time to issue service of process | 5 minutes |
| | Talk to opposing counsel regarding settlement | 10 minutes |
| 15 minutes | 12/14/2016 - Prepare and file joint motion for extension of time to issue service of process | 15 minutes |
| 30 minutes | 3/17/2017 - Prepare and file response to order to show cause | 30 minutes |
| | 4/27/2017 - 5/4/2017 - Obtain issuance of summonses, serve summonses and prepare returns of service | 1 hour |
| | 5/18/2017 - Review defendants' corporate disclosure statements | 1 minute |
| | 5/18/2017 - Review defendants' motion for extension of time to respond to complaint | 2 minutes |
| | 5/19/2017 - Review order granting defendants' motion for extension of time to respond to complaint | 1 minute |
| | 6/2016 - 5/2017 - Miscellaneous discussions with clients | 2 hours |

|  |  |  |
|---|---|---|
|  | 6/1/2017 - Review motion to dismiss | 30 minutes |
| 2 hours | 6/22/2017 - Prepare and file response to motion to dismiss | 2 hours |
| 10 minutes | 6/22/2017 - Prepare and file amended complaint | 10 minutes |
|  | 7/6/2017 - Review second motion to dismiss | 30 minutes |
| 30 minutes | 7/27/2017 - Prepare and file response to second motion to dismiss | 1 hour |
|  | 8/3/2017 - Review defendants' reply to response to second motion to dismiss | 30 minutes |
| 2 hours | 9/26/2017 - Prepare and file joint status report and discovery plan | 2 hours |
|  | 9/28/2017 - Review order granting in part and denying in part second motion to dismiss | 20 minutes |
| 20 minutes | 10/4/2017 - Scheduling conference | 25 minutes |
|  | 10/6/2017 - Review answer | 10 minutes |
|  | 1/2018 - Receive and send to client written discovery requests issued by defendants; prepare written responses based on clients' handwritten answers | 3 hours |
|  | 2/2018 - Prepare clients for their depositions and defend their depositions (had been taken by 2/23/2018 as per Trustee Ex. 24) | 7 hours |

| | | |
|---|---|---|
| 30 minutes | 2/23/2018 - Prepare and file motion for extension of time to complete discovery and continuing trial date | 30 minutes |
| | 2/27/2018 - Review order granting motion for extension of time to complete discovery and continue trial date and docket dates | 15 minutes |
| 7 hours 20 minutes | **TOTAL TIME INCURRED PRIOR TO EXEMPTION PERIOD** | 26 ½ hours |

Given the gross discrepancies between the total time figures above – both of which are derived from Debtor's own testimony – the Court rejects the calculation based solely on Debtor's direct examination and accepts the total time calculated after Trustee's cross-examination of Debtor.

With respect to the time incurred by Debtor during the Exemption Period, Debtor testified that his time was comprised of two basic activities: researching and preparing the Written Discovery Requests to defendants; and preparation and participation in mediation of the Civil Action. As previously discussed above, the Court rejects Debtor's somewhat incredible testimony that 2 ½ days were necessary to prepare the Written Discovery Requests. Instead, the Court reduces that amount to 10 hours, an amount which still seems excessive given that (i) the discovery requests were neither complicated nor sophisticated (Trustee Ex. 26); and (ii) Debtor testified he only spent three hours in total preparing the responses to two motions to dismiss. Ten hours is certainly more reasonable and realistic in light of the circumstances and the apparent speed with which Debtor drafted legal documents prior to the Exemption Period.

Although Debtor never testified as to the date of the mediation, he testified that the Written Discovery Requests were served immediately prior to the mediation. They were

hand-delivered to opposing counsel on September 26, 2018. (Trustee Ex. 26) The docket sheet in the Civil Action indicates that a notice of settlement was filed on September 27, 2018. (Trustee Ex. 6) As a result, it appears that the mediation would have had to of taken place on either September 26 or 27, 2018, a date within the Exemption Period.

Thus, under either Debtor's calculations or Trustee's calculation, the resulting total hours spent during the Exemption Period are the same:

| **Debtor Time Calculations** | **Action** | **Trustee Time Calculations** |
| --- | --- | --- |
| 10 hours (as determined by Court) | 9/26/2018 (appx.) - Research and prepare Written Discovery Requests to defendants | 10 hours (as determined by Court) |
| 11 hours | On or after 9/26/2018 - mediation and client preparation | 11 hours |
| 21 hours | **TOTAL TIME INCURRED DURING THE EXEMPTION PERIOD** | 21 hours |

The parties agreed that the total amount of the Contingency Fee at issue under the Exemption Objection and Turnover Motion is $48,362.46. Using the Trustee time calculations above, in the aggregate Debtor spent 47 ½ hours on the Civil Action. Of that total, 26 ½ hours occurred prior to the Exemption Period (May 2016 - August 29, 2018), and 21 hours occurred during the Exemption Period (August 30, 2018 - November 28, 2018). Accordingly, the appropriate calculations are:

Portion of Contingency Fee earned prior to the Exemption Period and not Exempt:
$48,362.46 x 26.5/47.5 = $26,981.16

Portion of Contingency Fee earned during the Exemption Period:
$48,632.46 x 21/47.5 = $21,381.30

However, only 75% of the Contingency Fee earned during the Exemption Period is exempt, or $16,035.98, leaving an additional $5,345.32 not exempt.

Accordingly, for the reasons set forth above and on the record on May 8, 2019, and July 17, 2019, the Exemption Objection is SUSTAINED IN PART AND DENIED IN PART as follows:

        Non-exempt portion of Contingency Fee:    $32,326.48

        Exempt portion of Contingency Fee:    $16,035.98

The Turnover Motion is GRANTED, and Debtor is directed to turnover to Trustee within five (5) days of entry of this Order $32,326.48, the non-exempt portion of the Contingency Fee.

IT IS SO ORDERED.

# # #